UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES DORSEY,

                        Plaintiff,                        ORDER

      v.

                                                        10-CV-744F
STATE OF NEW YORK,                                     (Consent)
VALERIE SULLIVAN,
ROBERT F. RAYMOND,

                        Defendants.
_____

APPEARANCES:         JAMES DORSEY, *Pro Se*
                              Grace House
                              1140 Norton Street
                              Rochester, New York   14621

                              ERIC T. SCHNEIDERMAN
                              NEW YORK STATE ATTORNEY GENERAL
                              Attorney for the Defendants
                              KIM S. MURPHY
                              Assistant Attorney General, of Counsel
                              350 Main Street, Suite 300A
                              Buffalo, New York   14202

      In this U.S.C. § 1983 action, Plaintiff alleges he was discriminated against based on his disability. Plaintiff states his fingers were amputated and that proper accommodations are needed at correctional facilities for Plaintiff to meet basic needs.

      By papers filed July 7, 2011, Plaintiff moved to compel production of documents (Doc. No. 26) ("Plaintiff's motion"). Specifically, Plaintiff requested a list of all names of facility level ADA coordinators and/or contact persons at the facilities and a copy of the total number of denied reasonable accommodation requests by non-medical and/or facility level ADA coordinators. Plaintiff's motion at 2.

      Defendants filed their response on August 3, 2011 (Doc. No. 30) ("Defendants' Response"). Defendants stated that Plaintiff was previously informed through

Defendants' Response to Document Demand filed May 27, 2011 (Doc. No. 21) ("Defendants' Response to Discovery Requests") that Deputy Superintendents of Programs at each facility acted in the capacity of ADA Coordinators.  In a good faith effort to resolve this discovery dispute, Defendants provided Plaintiff with a list of Deputy Superintendents of Programs at the facilities to which Plaintiff refers to in his Complaint.  Defendants' Response at ¶ 5; Exh. A.  Accordingly, as Defendants have provided Plaintiff with the information he seeks, Plaintiff's request is DISMISSED, as moot.

As Plaintiff alleges that New York State Department of Corrections allows non-trained employees to make medical assessments regarding reasonable accommodations for disabled inmates, Plaintiff seeks the total number of denied reasonable accommodation requests by non-medical and/or facility level ADA coordinators.  Defendants, in their response to Plaintiff's Request for Documents, provided Plaintiff with copies of the reasonable accommodations requests submitted by Plaintiff.  Defendants' Response to Plaintiff's Discovery Request at 4.  Also, as these requests are kept in the individual prisoner records, it would be difficult, if not impossible, for DOCS to determine the number of denied reasonable accommodation requests filed for each correctional facility and, further, even if these records could be readily accessed, it would violate the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") laws to disclose any of these documents to Plaintiff.  Defendants' Response at 7 - 9.  In Plaintiff's Reply, filed August 10, 2011 (Doc. No. 31) ("Plaintiff's Reply), Plaintiff maintains that NYS DOCS Directive No. 2614 requires all requests for accommodations and determinations shall be maintained in the guidance folder,

medical and parole files, and Inmate Grievance files concerning reasonable accommodations shall be kept in the facility grievance office for at least three years following dates of final disposition.  Plaintiff's Reply at 2.

It has been repeatedly held by this court that because inmate grievances and complaints filed against DOCS employees are filed according to the inmates making the grievances or complaints, the search required to identify the DOCS employees against whom such grievances or complaints are made would be unduly burdensome and time-consuming, and that such burden would outweigh any benefits provided by the requested discovery.  *See*, *e.g.*, *Rosario v. Masterantonio*, No. 09-CV-00377F, slip op. at 9-10 (W.D.N.Y. Sept. 13, 2011); *Abascal v. Fleckenstein*, 2010 WL 3834839, at *8-9 (W.D.N.Y. Sept. 29, 2010); *Wells v. Jacobs*, No. 02-CV-00633S(F), slip op. at 4 (W.D.N.Y. Jan. 4, 2005).  It logically follows that requiring Defendants to search the file of each DOCS inmate to identify which inmates had made requests for accommodations of impairments likewise would be unduly burdensome and time-consuming.  Moreover, under the relevant provision of HIPPA and regulations promulgated thereunder, disclosing such information would violate the inmates' rights to the integrity and confidentiality of their health information.  42 U.S.C. § 1320d-2(d)(2); 45 C.F.R. § 164.512.  Plaintiff's request is therefore DENIED as unduly burdensome, and as providing the requested information would violate other inmates' privacy rights under HIPAA.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 26) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

------------------------------------
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 28, 2011
         Buffalo, New York

**Any appeal of this Decision and Order must be taken to by filing a notice of appeal within 14 days of the filing of this Decision and Order pursuant to Fed. R. Civ. P. 72(a).**