-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES DORSEY,                                          **DECISION**
                                                       **and**
            Plaintiff,                 **ORDER**

            v.                         **10-CV-0744F**

VALERIE SULLIVAN, et al.,

            Defendants.

---

Plaintiff, James Dorsey, was an inmate of the Arthur Kill Correctional Facility at the time of filing this action in September 2010. He filed a Prison Authorization (Docket No. 2), pursuant to 28 U.S.C. § 1915(b)(1)-(4), and was granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). (Docket No. 5.) He was released from incarceration on or about September 2, 2011. At the time of his release he was an inmate of the Mohawk Correctional Facility. He has filed a motion requesting that an order be issued directing the return of the monies, less 20%, that was withdrawn from his inmate trust account by Mohawk upon his release as a result of the encumbrance that had been placed on his account in order to pay the court's filing fee pursuant to 28 U.S.C. § 1915(b)(1)-(4). (Docket No. 37.) The money encumbered from plaintiff's account was later forwarded to the court for payment of the filing fee pursuant to 28 U.S.C. § 1915(b)(1)-(4).[1] The motion is DENIED.

Plaintiff claims that he authorized that only 20% of his monthly income or deposits be withheld from his inmate account and to be submitted later to the court for

---

[1] The Clerk's Office Financial Department has informed the Court that the amount received from Mohawk on behalf of plaintiff was $217.94 (receipt number 27472).

payment of the filing fee, but that, upon his release, Mohawk withheld 100% of his "release fees (217.00)" to be forwarded to the court for payment of the filing fee. He asks that those funds be returned to him less the "agreed 20% of his monthly income, for which at the time of release was $36.00 according with DOCS records [sic]." (Docket No. 37, Supporting Affidavit.)

Section 1915(b) of Title 28 provides that:

**(b)(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

> **(A)** the average monthly deposits to the prisoner's account; or
>
> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

**(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
**(3)** In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

**(4)** In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Pursuant to this sub-section, "prisoner-litigants granted *in forma pauperis* status must pay the full amount of the filing fee to the extent they can afford to, as measured by the funds in their prison accounts. The fees are paid through periodic debits from the

plaintiff's prison account, which are forwarded to the court by the custodial agency." *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (citing 28 U.S.C. § § 1915(b)(1)-(2);[2] *see also McGann v. Commissioner*, 96 F.3d 28 (2d Cir.1996) (The PLRA requires prisoner-litigants to pay the full amount of the filing fee under a carefully-structured regime in which they pay a fixed percentage of their prison account balances at regular intervals.)

The New York State Department of Correctional and Community Supervision ("DOCCS") has in place a Directive, No. 2788, Collection and Repayment of Inmate Advances & Obligations, August 9, 2009, at pp. 8-9, to carry out the mandate of 28 U.S.C. § 1915(b)(1)-(4) and assist the Court in the collection of the filing fee. Plaintiff's inmate account was encumbered properly pursuant to 28 U.S.C. § 1915(b)(1)-(4) and said Directive.[3]

---

[2]The Prison Authorization executed by plaintiff states in bold:
I understand that by signing this authorization, the entire filing fee of $350.00 will be paid to the court in installments by automatic deductions from my prison trust fund account <u>even if my case is dismissed before the entire amount of the fee has deducted from my account</u>. (Emphasis in original.)

[3]Directive No. 2788, <www.doccs.ny.gov/Directives/2788.pdf> states in relevant part:

**VII. FEDERAL COURT FILING FEES - SPECIAL PROCEDURES**. Under the Prison Litigation Reform Act (PLRA) of 1995, inmates filing an action in federal courts are required to pay a filing fee.
A. <u>Application for Forma Pauperis</u>
1. If an inmate does not send in the full amount of the fee when filing the court action (or appeal), a forma pauperis application is required. Facility Business Office staff will certify the account balance information on the form and return it to the inmate so that the inmate may transmit it to the court.
2. After the court has reviewed and approved the pauperis application, the superintendent of the facility where the inmate is housed will receive a letter which includes a signed authorization form from the inmate. Upon receipt of the letter, Facility Business Office staff will forward copies of the inmate's last six months account statements to the court.
B. <u>Establishing an encumbrance</u>
1. An encumbrance will be established on the inmate's account using the appropriate encumbrance code for the court where the fee payment is to be sent. If the action is pending with the U.S. Court of Appeals, Second Circuit, the Court may indicate that the

Based on the Authorization signed by plaintiff upon filing this action, a copy of which was forwarded to the Superintendent of the Arthur Kill Correctional Facility, and 28 U.S.C. § 1915(b)(1)-(4), the facility placed an encumbrance on plaintiff's inmate account for any remaining balance of the filing fee after withdrawal of the initial partial payment of the filing fee, *see id.*, § 1915(b)(1), and each time the spending balance in plaintiff's account exceeded $10.00 the facility at which plaintiff was incarcerated at the time would have encumbered (collected) 20% of all receipts to pay the remaining balance of the filing fee.  Pursuant to the language of the statute and DOCCS' Directive, each time the balance exceeds $10.00, 20% of the receipts in the account would have been encumbered (collected) to pay the remaining balance of the filing fee. The facility does not send any payments to the court until the full amount of the fee has been collected or the inmate-plaintiff is released.  While the Mohawk Correctional Facility did withdraw $217.94 from plaintiff's inmate account upon his release, what

---

payments to be sent to the underlying Court from which the civil action originated. In those cases, the encumbrance code for the Court to which payment is to be made should be used. This information will be found in the letter to the Superintendent. When establishing the encumbrance for court filing fees, the docket (CIV) number MUST be entered in the "reason comments" field. The docket number must be entered without dashes or spaces. This will identify the inmate with the civil action and eliminate duplicate encumbrances.
2. When establishing the encumbrance for the full amount of the filing fee, Facility Business Office staff will enter the collected amount of the encumbrance using the amount of the partial filing fee. The partial filing fee payment amount can be found on the inmate's account statement and is the greater amount of either 20% of the average monthly deposits or 20% of the average spendable balance for the six-month period immediately preceding the filing of the complaint or notice of appeal. If the amount available in the inmate's spendable balance is less than the calculated partial payment fee, the amount available will be used as the collected amount. If the amount is zero, the collected amount will be zero. The remaining unpaid balance of the filing fee will be collected at the rate of 20% of all receipts (Payroll and outside) if the spendable balance is over $10 after the receipt has been posted. After the initial establishment of the encumbrance, only one court filing fee encumbrance can be active at a time. No payments will be sent to the Court until the full amount of the fee has been collected, or the inmate is released.
3. Payments of filing fees will be sent to the Clerk of the Court in the district where the action was initiated. Checks should note inmate's name, DIN and court docket number.

would have been withdrawn and paid to the court was the "sum" of the amounts of each encumbrance that had been "collected" since the time the encumbrance had been established on plaintiff's account pursuant to plaintiff's Prison Authorization.  The Prison Authorization was received by the Court ( and is generally received in all prisoner cases where the inmate-plaintiff seeks to proceed *in forma pauperis*) upon the filing of the complaint and motion to proceed *in forma pauperis*.   Accordingly, the Court finds that, pursuant to 28 U.S.C. § 1915(b)(1)-(4), the Mohawk Correctional Facility properly collected from plaintiff's inmate account $217.94 upon plaintiff's release and then forwarded said amount to the Court for payment of the filing fee.   Plaintiff's motion (Docket No. 37) is DENIED.

  SO ORDERED.

                /s/ *Leslie G. Foschio*
              _____
                LESLIE G. FOSCHIO
             UNITED STATES MAGISTRATE JUDGE

Dated:  March 15, 2012
      Buffalo, New York


**Any appeal of this Decision and Order to the United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days of the date of judgment in accordance with Fed.R.App.P. 4(a)(1)(A) and (c).  A notice of appeal must be filed with the Clerk of this District Court as required by Fed.R.App.P. 3(a)(1).**